88  447
91  105

[No. 13233.   Department One. — March 26, 1891.]

H. D. C. BARNHART, APPELLANT, *v.* HENRY F. KRON AND OSCAR KRON, DEFENDANTS.   OSCAR KRON, RESPONDENT.

COSTS — DISCRETION — ORDER REFUSING TO RETAX — APPEAL. — The allowance or disallowance of items for the expenses and disbursements incurred upon the trial of an action is usually in the discretion of the judge of the trial court, and where there is nothing in the record to show that the court did not properly exercise its discretion in refusing to strike out certain items objected to upon motion to retax the costs, its order will be affirmed.

ID. — EXPENSE OF SUBPŒNAING WITNESSES — TESTIMONY FOR CO-DEFENDANT. — The character of the testimony of witnesses given at the trial with reference to the issues joined by several co-defendants, and the fact that they testified specially for co-defendants, is not a test of the necessity for incurring the expense of subpœnaing them as witnesses by a

defendant in whose behalf they did not testify as to any separate issue made by his answer.

ID. — AFFIDAVIT TO COST BILL — NECESSITY OF DISBURSEMENTS. — An affidavit to a memorandum of costs, by the attorney of the party in whose favor costs were given, that "the foregoing items of costs and disbursements in this action are correct, and that the said disbursements have been necessarily incurred in said action," unless controverted, should control the decision of the trial court as to the necessity of the disbursements.

ID. — SERVICES PERFORMED FOR SEVERAL DEFENDANTS — SEPARATE COST BILL. — The fact that certain items of the cost bill were for services performed for both of the defendants would not authorize the trial judge to strike them from the cost bill of one of the defendants.

APPEAL from an order of the Superior Court of Santa Cruz County denying a motion to retax costs.

The facts are stated in the opinion of the court.

*E. Spalsbury,* and *W. E. Turner,* for Appellant.

The defendant should only have been allowed items of costs incurred by him separately, and not those incurred by co-defendants jointly or separately. (Code Civ. Proc., secs. 1024, 1026; *Rice* v. *Leonard,* 5 Cal. 61.)

*William T. Jeter,* and *T. H. Laine,* for Respondent.

The showing of the plaintiff did not contradict the affidavit to the cost bill; and defendant was entitled to all necessary disbursements. (Code Civ. Proc., secs. 1024, 1026; *Zink* v. *Attenburg,* 18 How. Pr. 108; *Allis* v. *Wheeler,* 56 N. Y. 50; *Decker* v. *Gardiner,* 8 N. Y. 29; *Lewis* v. *Ross,* 37 Me. 230; 59 Am. Dec. 52.) No claim for double costs is made in this action, hence the case of *Rice* v. *Leonard,* 5 Cal. 61, is not in point.

HARRISON, J.—The plaintiff moved the court below to retax the bill of costs filed by the respondent, by striking out each and every item thereof, upon the ground that none of said items were incurred by the respondent in maintaining or establishing any part of his defense to the action, but that each of said items was so incurred

by his co-defendant. The court denied the motion, and the plaintiff has appealed.

The allowance or disallowance of items for the expenses and disbursements incurred upon the trial of an action must be left in nearly every instance to the discretion of the judge before whom the cause was tried. He has an opportunity to know the issues that are tried, the character of the prosecution and of the defense, the principal points upon which the witnesses are called, and whether there existed any necessity for calling them. We must assume that he would not allow costs to a party for witnesses that were unnecessarily called, or in a case like the present, for witnesses who were not called for the respondent. There is nothing in the record in the present case which shows that the court did not properly exercise its discretion in refusing to strike out the items objected to. The plaintiff does not in his affidavit show that the witnesses named in the bill of costs were not necessary for the defense of the respondent, or that they did not testify in his behalf. His statement that certain of the witnesses were called as witnesses for the co-defendant of the respondent, and did not testify on behalf of the respondent, "except in a general manner in connection with H. F. Kron, . . . . and that they did not testify on behalf of Oscar Kron, as contradistinguished from H. F. Kron," is an admission that they did in some respects, or upon some matters, testify in behalf of the respondent. So, too, his statement that other witnesses "did not testify as to any separate issue as made by the answer of Oscar Kron," does not sufficiently show that the items for their defense as witnesses should be stricken from the cost bill. The character of their testimony at the trial is not a test of the necessity for incurring the expense of subpœnaing them as witnesses. The memorandum of costs filed by the respondent is supported by the affidavit of his attorney, that "the foregoing items of costs and disbursements in this action

are correct, and that the said disbursements have been necessarily incurred in said action," and unless controverted, should control the decision of the court.

The fact that the items for the fees of the sheriff, the clerk, and the reporter were for services performed for both defendants, and not "for services performed for Oscar Kron alone," would not authorize the court to strike these items from the cost bill. The respondent may have himself paid all of these items, and if so, they were expenses necessarily incurred by him in his defense.

The order appealed from is affirmed.

GAROUTTE, J., and PATERSON, J., concurred.