[L. A. No. 3091.  Department One.—May 27, 1913.]

## MYRA S. C. FAY, Appellant, v. JOHN J. FAY, Respondent.

HUSBAND AND WIFE—DEED OF GIFT TO HUSBAND—FRAUDULENT REPRESENTATIONS—ACTION TO SET ASIDE DEED—IMPROVEMENTS BY HUSBAND—CONDITIONAL RELIEF TO WIFE.—In an action by a wife against her husband to set aside, for fraudulent representations, a deed of gift executed by her to him, after their marriage, of a half interest in her separate real property, and to declare void a declaration of homestead executed by him covering the property, in the making of which she did not join nor give her consent, the judgment granting such relief is properly made conditional upon the repayment by the wife to the husband of the amount expended, prior to her disaffirmance of the deed by him, from his separate funds for the improvement of the property, and of one-half of the community funds so expended, less its rental value.

ID.—JUDGMENT IS FINAL AND NOT INTERLOCUTORY.—A judgment granting such relief is to all intents and purposes a final judgment, and appealable as such, although denominated an "interlocutory judgment or decree."

ID.—FINDING OF PAYMENT FROM SEPARATE FUNDS—AVERMENT OF PAYMENT FROM EARNINGS.—A finding in such action that the husband expended a certain sum "from his separate funds and property," is not necessarily opposed to an allegation in his answer that such expenditures were made out of his earnings. It is entirely consistent with such allegation that certain of his expenditures were from his earnings before marriage, in which event they would be his separate property.

ID.—COURT MAY DIRECT DIVISION OF COMMUNITY PROPERTY BY JUDGMENT.—There is no objection to a division to the extent determined by such judgment of community property during coverture. The husband and wife are at liberty, under our law, to change by contract the character of their property from community to separate if they see fit to do so, and a court has power to do so in an action between them, where such disposition is essential to a proper dedetermination of the relative rights of the parties.

ID.—IMPROPER CONDITION TO GRANTING RELIEF—BOND INDEMNIFYING HUSBAND FROM LIABILITY ON MORTGAGE DEBT.—Where the value of the land in question was apparently largely in excess of the amount of a mortgage placed on it by the husband and wife, it was improper to require, as a condition of the relief granted the wife, that she should give the husband a bond indemnifying him against any possible liability for the mortgage indebtedness, if no such relief was specifically asked by him, and there is nothing in the

pleadings or findings to indicate the necessity for or propriety of such a requirement.

ID.—COSTS—DISALLOWANCE OF PER DIEM FOR WITNESS—ABSENCE OF EVIDENCE TO SUPPORT ORDER—APPEAL.—Where the judgment in such action awarded costs to the plaintiff, an order disallowing certain items of her cost-bill for the *per diem* of witnesses, the propriety of which were fully shown by her on the motion to retax, will be reversed on appeal, if there is nothing in the record to sustain the action of the trial court, in opposition to the uncontroverted showing of the plaintiff, other than the fact of disallowance itself.

ID.—UNCONTROVERTED LEGAL SHOWING OF PROPER COSTS.—If the legal showing of the party claiming costs which appear upon their face to be necessary and proper is not controverted in some way, it should control the decision of the court.

ID.—MILEAGE FOR SERVICE OF PAPERS—REDUCTION OF AMOUNT CLAIMED—INTRODUCTION OF EVIDENCE ON MOTION TO RETAX NOT SHOWN BY RECORD—APPEAL.—The action of the trial court in reducing the amount claimed in the cost-bill for mileage in serving summons and subpoenas cannot be interfered with on appeal, where the bill of exceptions shows that certain statements were received in evidence from plaintiff's attorney "as to places and manner of service of summons and subpoenas," which are not set forth therein, and which, it must be assumed, supported the conclusion of the trial court.

ID.—SERVICE OF PAPERS BY ONE NOT PEACE OFFICER—OFFICIAL FEES RECOVERABLE AS COSTS.—A plaintiff is entitled to recover as costs the fees prescribed by law for the service of summons and subpoenas by peace officers, even though the service was made by one not a peace officer, provided the plaintiff paid or was liable for such fees to the party making the service.

APPEALS from a judgment of the Superior Court of Los Angeles County, from an order refusing a new trial, and from an order retaxing costs. J. P. Wood, Judge.

The facts are stated in the opinion of the court.

Wm. Lewis, for Appellant.

Wm. T. Blakely, for Respondent.

ANGELLOTTI, J.—Plaintiff and defendant intermarried on December 2, 1908, and ever since have been husband and wife. At the time of the marriage plaintiff was the owner of

two lots in the Central Avenue Home Tract (Nos. 314 and 315) in Los Angeles County. By reason of and relying on certain false representations made to her by her husband, plaintiff, on May 6, 1909, executed a deed to defendant, conveying to him a one-half interest in said two lots, no consideration of any kind being received therefor by her. This deed was placed on record by defendant. A home having been constructed on the land, defendant, on April 4, 1910, executed and recorded a declaration of homestead covering the property, but plaintiff did not join in the making of such declaration, or consent thereto. After the execution of said deed, defendant expended the sum of one hundred dollars from his separate funds and property, and $349.50 from community funds in assisting in the construction of a house and other permanent improvements on said land for the purpose of making the same suitable for residence purposes, and $274.50 from community funds in part payment of a pre-existing mortgage on said land, placed thereon before the marriage of the parties. Plaintiff and defendant occupied the home as a residence for thirteen months, the reasonable rental value thereof being seventeen dollars per month, or $221 for the thirteen months. The foregoing facts are shown by the findings of fact. By the pleadings it is established that subsequent to the deed the parties executed a mortgage on said land to secure a note given by them to the German American Savings Bank to obtain money to assist in building the house thereon, and this mortgage is still an existing lien on the property.

The action is one commenced by the plaintiff on January 21, 1911, to obtain a decree adjudging the deed and the declaration of homestead fraudulent and void, and for such other relief in the matter as may be equitable. The defendant by his answer, while denying the allegations of fraud, etc., declared his desire not to hold said property against the wishes of plaintiff, provided he be reimbursed the money paid on account of such property. He therefore asked for relief in this connection, and for such other relief as may be just and proper.

The trial court concluded upon the facts we have stated, that the deed and declaration of homestead should be decreed to be void, and that defendant should execute a reconveyance

of the property conveyed thereby, provided that plaintiff repay to defendant within sixty days from the making of an interlocutory decree the one hundred dollars of his separate funds expended on said property, and one-half of the $624 community funds so expended, less $221 rental, or one-half of $403, making a total payment of $301.50, and provided further that she execute and deliver to him a bond in the sum of five hundred dollars indemnifying him from liability on the note and mortgage held by the German American Savings Bank. It further concluded that plaintiff should recover her costs in this action. What was to all intents and purposes a final judgment, though styled an "interlocutory judgment or decree," was made and entered accordingly. We say that this was in reality a final judgment, for it fully disposed of the case in so far as any judicial action was concerned, finally and definitely determining the rights of the parties in regard to the matters in issue. Of course, it is only because it is in fact a final judgment that we may consider an appeal therefrom, for our statute does not authorize an appeal from what is in reality an "interlocutory judgment" except in the cases specified in section 939 of the Code of Civil Procedure, and this is not one of such cases.

Subsequent to the entry of this judgment a motion was made by defendant to retax the costs claimed by plaintiff, $111.10, and an order was made taxing plaintiff's costs at $39.40.

We have here appeals by plaintiff from the judgment, from an order denying her motion for a new trial, and from the order retaxing costs. Defendant has not appealed.

Defendant's counsel has not seen fit to present any argument or file any brief in support of the judgment and orders appealed from, and has stipulated in writing that the appeals may be determined without any argument, printed or oral, on the part of defendant.

The record on appeal does not contain any statement of the evidence given on the trial. We have therefore no question of the sufficiency of the evidence to sustain the findings of fact.

It is urged that the finding that defendant expended one hundred dollars "from his separate funds and property" is opposed to the allegations of defendant's own answer, in that

it was there alleged that "all of said payments were made out
of the earnings of the defendant," the earnings of the hus-
band after marriage being, of course, community property.
This allegation was expressly denied by plaintiff in a plead-
ing denominated "answer to defendant's further and sepa-
rate answer, or cross-complaint." The conclusion of the trial
court in this regard is not necessarily opposed to the allegation
of defendant's answer which we have quoted. It is entirely
consistent with such allegation that some of these payments
were from earnings of the defendant before his marriage to
plaintiff, and his earnings before marriage are, of course, his
separate property. We are of the opinion that the findings as
to the character of the money expended by defendant, in
regard to being community or separate, were fairly within
the issues made by the pleadings, and that plaintiff has no
just ground of complaint on account thereof.

We are not prepared to hold that the trial court was not
warranted, in the exercise of its discretion, in requiring the
plaintiff to pay to defendant, as a condition precedent to the
relief sought by her, the said sum of $301.50. The intention
of the learned judge of the trial court was apparently to put
both parties in the same position as nearly as might be, that
they would have been in, had no conveyance been made by the
wife to the husband. The real property which was to be
awarded to plaintiff had been permanently benefited by the
expenditures on account of permanent improvements made by
the husband prior to the disaffirmance of the deed by the wife,
and the wife receiving the whole property, was likewise bene-
fited by the payments made by the husband on account of the
old mortgage, and we cannot say that it was unfair or inequi-
table to adjudge that plaintiff, receiving the benefit, should
repay to defendant the one hundred dollars on account of his
separate moneys so expended, and also one-half of the $403
community funds so expended. We see no insuperable objec-
tion under our law to a division to this extent of community
property during coverture. The husband and wife are at
liberty, under our law, to change by contract the character
of their property from community to separate if they see fit
to do so, and we cannot doubt the power of a court to do so
in an action between the husband and wife, where such dis-
position is essential to a proper determination of the relative

rights of the parties. The rule invoked by learned counsel for plaintiff to the effect that a husband cannot recover for improvements voluntarily made by him on his wife's separate property does not preclude the court from giving such relief, in view of the circumstances under which the payments were made.

We do not think that the plaintiff should have been required as a condition to relief to give to defendant a bond in the sum of five hundred dollars indemnifying him against any possible liability on account of the note and mortgage held by the German American Savings Bank. No such relief was specifically asked by him, and there is nothing in the pleadings or findings to indicate the necessity for or propriety of such a requirement. So far as appears, the property which is primarily liable for the mortgage debt is much more than sufficient to satisfy the same, and the requirement as to such a bond, even if in other respects proper, is an unnecessary burden to impose on plaintiff as a condition precedent to the relief to which she is entitled.

In regard to the order retaxing costs: No showing whatever was made by defendant in opposition to the costs claimed by plaintiff, beyond the service and filing of a written notice of motion to retax. The bill of exceptions shows that the defendant did not appear at the hearing of said motion, either by his attorney or in person, the attorney having advised the court, that he would not be present, and would submit the matter without argument. The decree provided that plaintiff should recover her costs of action, and under this provision she was entitled to all her legal costs. Her cost-bill was properly verified by her attorney, who deposed that the items in the memorandum filed were correct and the disbursements necessarily incurred. Upon the hearing, plaintiff's attorney was sworn as a witness, and testified fully and specifically as to the various items. His testimony was of such a nature as to fully sustain the charges in the cost-bill for witness fees, the principal matter specified in the notice of motion to retax, and there is absolutely nothing in the record to suggest any reason for the disallowance of the charges for the *per diem* of such witnesses as were reasonably necessary, and nothing to suggest that any of such witnesses was not brought into court in good faith or that plaintiff was not reasonably war-

ranted in procuring his attendance. The *per diem* charged for each witness was for three days' attendance, and the showing was uncontradicted to the effect that, without any fault on the part of plaintiff, the attendance of each witness was required for three days. The trial court struck out the whole fee charged for each of five witnesses, and reduced the *per diem* fee as to each of the other eight witnesses from three days to one day. We do not see how this action can be sustained upon the record before us. It has several times been said by this court that if the legal showing of the party claiming costs which appear upon their face to be necessary and proper is not controverted in some way, it should control the decision of the court. (See *Barnhart* v. *Kron,* 88 Cal. 447, [26 Pac. 210] ; *Meyer v. City of San Diego,* 132 Cal. 35, [64 Pac. 124] ; *Miller* v. *Highland Ditch Co.,* 91 Cal. 103, [27 Pac. 536].) We find absolutely nothing in the record before us to sustain the action of the trial court in this regard, in opposition to the uncontroverted showing of plaintiff, other than the fact of disallowance itself.

We cannot hold that the court erred in reducing the amount claimed for mileage in serving summons and subpoenas, as the bill of exceptions shows that certain statements were received in evidence from plaintiff's attorney ''as to places and manner of service of summons and subpoenas,'' which are not set forth in the bill of exceptions, and which, it must be assumed, supported the conclusion of the trial court,

As to fees for service of summons and subpoenas, plaintiff was entitled, of course, to the fees prescribed by law for such service by peace officers, even though the service was made by one not a peace officer, provided always that the plaintiff paid or was liable for such fees to the party making the service.

There is no other matter requiring notice here.

The judgment appealed from is reversed with directions to the trial court to enter a new judgment or decree in accord with the views here expressed. The order retaxing costs is reversed with directions to the trial court to rehear the motion to retax costs. The order denying the motion for a new trial is affirmed.

Shaw, J., and Sloss, J., concurred.