[Civ. No. 1294. First Appellate District.—February 6, 1914.]

## GEORGE E. WHITAKER, Appellant, v. T. L. MORAN et al., Respondents.

COSTS—CONTESTING CORRECTNESS OF CHARGES—BURDEN OF PROOF.— While it is true that the filing of a verified memorandum of costs establishes the correctness of the charges therein made which *prima facie* appear to be necessary and proper, nevertheless when the correctness of the memorandum is challenged, either in whole or in part, by the affidavit or other evidence of the contesting party, the burden is then upon the party claiming the costs to show by competent and satisfactory evidence that the items charged were for matters and things necessarily relevant and material to the issues involved in the action.

ID.—MOTION TO TAX COST OF DEPOSITION—AFFIDAVIT ATTACKING RELEVANCY AND MATERIALITY—REBUTTAL EVIDENCE.—It is improper to allow costs charged for taking depositions, where the depositions are not offered nor considered in evidence on the hearing of the

motion to tax costs, and the only showing made in opposition to the affidavit of the party attacking such items on the ground of irrelevancy and immateriality, is an unverified statement concerning the particulars of the costs charged.

ID.—DISMISSAL OF ACTION—WITNESS FEES.—As a general rule, when a plaintiff voluntarily dismisses his action, the defendant will be entitled to his necessary costs; and the mere fact that the testimony of a witness was rendered unnecessary by a dismissal of the action will not operate to deprive the defendant of the expense necessarily incurred in good faith, and within the limit of the fees prescribed by law, to secure the attendance of the witness.

ID.—COSTS OF CERTIFIED COPIES OF DOCUMENTS—ALLOWANCE ON MOTION—PRESUMPTION ON APPEAL.—The allowance by the trial court of costs for procuring certified copies of documents, on motion, where the documents are submitted to the court, will be assumed to be justified on appeal, when the documents are not set forth in the bill of exceptions, notwithstanding their validity, necessity, and materiality of the documents as evidentiary matters were controverted on the motion by affidavits of the opposing party.

APPEAL from an order of the Superior Court of the City and County of San Francisco taxing costs. W. M. Conley, Judge presiding.

The facts are stated in the opinion of the court.

Franklin P. Bull, Frank H. Short, and Everts & Ewing, for Appellant.

J. W. Henderson, James P. Montgomery, and Wm. L. Hill, for Respondents.

LENNON, P. J.—This is a direct appeal from an order taxing costs. The record does not disclose the relief sought nor the defense relied upon in the action in which the costs complained of were claimed and allowed. The appeal comes to us solely upon a bill of exceptions containing only the evidence and proceedings had and taken upon the motion to tax. The action out of which the claimed costs arose was dismissed by the trial court upon motion of the plaintiff at the close of his case. Judgment was thereupon entered for the defendants. In due time they filed their verified and itemized memorandum of costs and disbursements, which totaled the sum of $1,027.50. Thereafter plaintiff and appellant filed a

verified motion to tax the costs claimed, by striking out certain items upon the ground that they were not properly chargeable as costs in this, that they were either excessive or not necessarily incurred and disbursed in the defense of the action. The motion to tax was noticed to be heard and determined upon the papers on file in the action, and such testimony, oral and documentary, as the parties might desire to offer. Upon the hearing the plaintiff offered in support of his motion to tax an affidavit which in detail assailed each of the items objected to, and tended to show that such items called for fees and costs in excess of the sum allowed by law, and that such fees and costs were charged not only for the attendance of witnesses whose testimony was neither necessary nor material to the defense of the action, but were also charged for the procurement of documentary evidence—deeds, records, and depositions which were wholly unnecessary to the defense of the action, and entirely irrelevant and immaterial to the issues raised by the pleadings.

In opposition to the showing made by the plaintiff the defendants filed with the court an unverified statement of the particulars concerning the charges made for the taking of certain depositions, the charges made for the making of some seventy-eight certified copies of various recorded instruments, and the charges made for certified copies of the deposition of J. A. Waltman, and a transcript of the testimony of a witness (Joe Randall) taken in the "Argentine case." Subsequently the plaintiff introduced in evidence upon the hearing of the motion an additional affidavit, tending even more strongly than the first affidavit to show that the documents, depositions and transcript referred to were unnecessary and immaterial to the defense of the action. The record shows, however, that at the time of the submission of the motion to tax, the defendants "brought into court and left with the judge thereof" the certified copies of the instruments, depositions, and testimony, last above referred to.

Upon the showing thus made the lower court entered its order, fixing as defendants' costs the following items:

"T. C. Sill, 2nd trip, seven days, W. M. C. (allowed five days) $10;

"Certified copies deeds and records from office of county recorder of Kern County, $58.20;

"I. L. Miller, county clerk, certified articles of incorporation, $7.50;

"M. N. Hale, deposition, notary fee, $7.50;

"Certified copy of J. A. Waltman deposition and testimony in Argentine case, $28.20;

"Certified copies testimony of Joe Randall in Argentine case, $1.50 and $4.20;

"J. A. Waltman and M. May, depositions and notary's fees, $23.10 and $50.10;

"J. A. Hendricks, deposition, notary's fee and reporter, $20.10."

All of the foregoing items were specifically challenged by the motion to tax costs and the affidavits of plaintiff upon the grounds previously stated; and it is now insisted that the allowance of these items was contrary to the evidence received and considered upon the hearing of the motion. This contention must be sustained in part. While it is true that the filing of a verified memorandum of costs establishes the correctness of the charges therein made which *prima facie* appear to be necessary and proper, nevertheless when the correctness of the memorandum is challenged, either in whole or in part, by the affidavit or other evidence of the contesting party, the burden is then upon the party claiming the costs to show by competent and satisfactory evidence that the items charged as costs were for matters and things necessarily relevant and material to the issues involved in the action. (*Barnhart* v. *Kron,* 88 Cal. 447, [26 Pac. 210]; *San Francisco* v. *Collins,* 98 Cal. 259, [33 Pac. 56]; *Miller* v. *Highland Ditch Co.,* 91 Cal. 103, [27 Pac. 536]; *Senior* v. *Anderson,* 130 Cal. 290, [62 Pac. 563]; *Fay* v. *Fay,* 165 Cal. 469, [132 Pac. 1040]; *Griffith* v. *Montandon,* 4 Idaho, 75, [35 Pac. 704].) This the defendants in the present case did not do in so far as the motion to tax concerned the costs charged for taking the depositions of J. M. Waltman, M. May, and J. A. Hendricks. These depositions were not offered nor considered in evidence upon the hearing of the motion. The defendants' unverified statement of the particulars concerning the costs charged for making certified copies of various instruments, etc., was at its best nothing more than an itemized amendment of the defendants' memorandum of costs, and cannot be construed and considered as evidence in rebuttal of the showing made by the

affidavits of plaintiff. This being so, the affidavits of the plaintiff that the depositions just referred to were neither necessary to the defense of the action nor material to the issues raised by the pleadings, stand uncontradicted. It follows, in keeping with the rule above stated, that the costs charged for such depositions should not have been allowed.

This objection, however, does not apply to the remaining items of defendants' costs. Upon its face the item of ten dollars allowed for five days' attendance of the witness Sill was proper. The proof proffered upon the part of the plaintiff did not controvert the fact that this witness was subpoenaed for the defense, and had been in actual attendance upon the trial for the number of days specified in the memorandum of costs. Nor was it attempted to be shown that he was not a necessary and material witness for the defense. As a general rule, when a plaintiff voluntarily dismisses his action the defendant will be entitled to his necessary costs; and the mere fact that the testimony of a witness was rendered unnecessary by a dismissal of the action will not operate to deprive the defendant of the expense necessarily incurred in good faith, and within the limit of the fees prescribed by law, to secure the attendance of the witness (*Randall* v. *Falkner*, 41 Cal. 242).

The entire evidence adduced upon the motion to tax justifies the allowance made by the lower court of the charges for certified copies of deeds, records, and articles of incorporation, and also the charges made for the certified copies of the deposition of J. A. Waltman and the testimony of Joe Randall taken in the "Argentine" case. This is so because the record shows that certified copies of these several instruments and documents were submitted to the court upon the hearing of the motion; and as they are not set forth in the bill of exceptions it will be assumed that their contents justified the finding of the lower court, notwithstanding the fact that their validity, necessity, and materiality as evidentiary matters were controverted by the affidavits of the plaintiff. (*Fay* v. *Fay*, 165 Cal. 469, [132 Pac. 1040].)

For the reasons stated the order appealed from is modified by striking therefrom the following items of costs: "M. N. Hale, deposition, notary's fee, $7.50; J. M. Waltman and M. May, depositions and notary's fees, $23.10 and $50.10; J. A.

Hendricks, deposition, notary's fee and reporter, $20.10.'' As modified the order appealed from is affirmed, appellant to recover his costs of this appeal.

Richards, J., and Kerrigan, J., concurred.