[Civ. No. 1454.   First Appellate District.—March 17, 1915.]

GEORGE O. RICH, Respondent, v. C. B. SMITH, Appellant; PETER F. FOLEY et al., Respondents.

PARTITION—ENCUMBERED TRACTS OF LAND—SPLITTING OF SECURITY NOT PERMITTED.—It is not permissible in an action for partition of several tracts of land subject to subsisting mortgages and executory contracts of sale to make any decree which will have the effect of impairing or destroying the respective obligations of the mortgagees or holders of the contracts, as such parties have the right to look and resort wholly and solely to the particular pieces of property originally mortgaged or contracted for in satisfaction of their mortgages and execution of their contracts, and where such a decree alters or impairs the scope and effect of either, it will·be reversed upon appeal by any aggrieved party.

ID.—ACTION FOR PARTITION—CONSTRUCTION OF INTERLOCUTORY DECREE —SCOPE AND EFFECT OF SECURITY NOT IMPAIRED.—In this action for the partition of several parcels of land subject to certain mortgage liens and executory contracts of sale, it is held that the interlocutory decree which directed physical partition of the land instead of a sale thereof, did not contemplate that the referees therein appointed were required to treat all of the land as a single tract and then proceed to divide the same into two equal parts, quantity and quality

considered, without regard to the existence of the outstanding mortgages and contracts, but on the other hand, it was contemplated that in making partition the referee should consider the existence as well as the scope and effect of such mortgages and contracts, and when making partition should treat the particular parts and parcels of the common property covered thereby as so many distinct estates, and separately partition them as such, and then allot them in severalty to one or other of the cotenants, subject, however, to the existence and satisfaction of such liens and contracts.

Id.—Payment of Mortgage Debt—Failure of Tenants to Contribute Equally — Foreclosure — Subrogation — Receiver. — Where the owners in severalty of property thus mortgaged fail to contribute equally to the payment of the mortgage debt and foreclosure proceedings become necessary by reason of such failure, the particular owner who may be compelled to pay the entire debt has the right to be subrogated to the interest of the mortgagee to the extent of such excess payment; and should the parties interested in the contracts of sale be unable to agree as to whom payments should be made under such contracts, the court may, in aid of the final judgment in partition, appoint a receiver for that purpose under the provision of section 564 of the Code of Civil Procedure.

Id.—Right to Partition—Postponement to Secure Advantage of Rise in Value.—Where a party seeking partition is shown to be a tenant in common, and as such entitled to the possession of the land sought to be partitioned, his right to partition is absolute, and cannot be denied on the suggestion that the interest of the cotenants will be promoted by refusing the application or temporarily postponing action, to secure the advantages to result from a rise in market value.

Id.—Advancement by Tenant—Lien upon Share of Cotenant—Proper Decree.—A tenant in common who has paid a debt or obligation for the benefit of the joint property, or who has discharged a lien or assessment imposed upon it as a common burden, is entitled as a matter of right to have his cotenant who has received the benefit of such payment, refund to him the proportionate share of the amount paid, and it is proper to provide in the decree of partition that the share of the latter be charged with a lien therefor.

APPEAL from an interlocutory decree in partition of the Superior Court of the County of San Mateo. George H. Buck, Judge.

The facts are stated in the opinion of the court.

R. P. Henshall, and Martin Stevens, for Appellant.

J. J. Lermen, Ross & Ross, for Respondent George O. Rich.

Daniel A. Ryan, for Respondents Weinke et al.

A. Kincaid, for Respondents Hendrickson et al.

LENNON, P. J.—In this action plaintiff's complaint prayed for partition of several tracts of land located in the county of San Mateo, which, as the complaint alleged, were owned and held by the plaintiff and the defendant Smith as tenants in common. Defendant M. A. Rich is the wife of the plaintiff, and she and the remaining defendants were made parties to the action under an allegation that they held liens upon the property by virtue of existing mortgages jointly executed by the plaintiff and the defendant Smith upon certain separate parcels of the common property. The plaintiff's complaint showed further that he and the defendant Smith had entered into executory contracts of purchase and sale covering specific portions of the common property, which contracts were still extant and unexecuted, and that as a consequence the other parties thereto, the defendants Nye et al., claimed some interest in the property. Incidentally the plaintiff's complaint alleged that he, with the knowledge and consent of and at the specific instance and request of the defendant Smith, advanced and expended a sum of money aggregating $19,265.04 for the improvement of the common property, and paid out and advanced for the extinguishment of liens existing upon the common property the sum of $10,890.99 over and above certain sums of money advanced by Smith for the same purposes.

Answering the plaintiff's complaint, the defendant Smith denied the existence of the alleged tenancy in common, and alleged in substance that whatever interest he had in the property arose out of his rights as the exclusive owner of certain contracts to purchase the property, and that by virtue thereof he conveyed to the plaintiff the lands in controversy for the alleged purpose of carrying on and conducting a partnership business which had been previously entered into between him and the plaintiff for the purpose of ultimately buying and selling the lands in controversy. The answer of the defendant Smith admitted that he and the plaintiff had sold certain parts and parcels of the property, and in effect admitted the execu-

tion and existence of the mortgages and executory contracts referred to in the plaintiff's complaint.

The defendant Smith also filed a cross-complaint, in which the allegations of his answer were again set forth, coupled with other allegations, which tended to show a cause of action to quiet title, and one for damages claimed to have been suffered by him as a result of a claimed conspiracy against him entered into by the plaintiff and his wife, the defendant M. A. Rich.

The several parties who held outstanding mortgages and executory contracts of sale covering specified portions of the property appeared in the action, and prayed for appropriate relief.

Upon all of the issues thus raised, the court made its findings of fact, which, in so far as they relate to the points presented in support of the appeal, are to the effect that the plaintiff and the defendant Smith were the owners in fee as tenants in common and in the possession of and each entitled to an undivided one-half portion of all of the lands in suit, save and excepting, however, certain designated and described lands and parcels of the whole, which the plaintiff alleged and the court found had been sold by the plaintiff and said defendant prior to the institution of the action; that the plaintiff and defendant Smith had made, executed, and delivered certain mortgages upon certain separate, designated, and described portions of the common property, upon which there remained due and unpaid on account of principal an aggregate balance of $38,879.82; that these mortgages constituted valid and subsisting liens upon such portions of the common property as were covered thereby save as to certain parts or parcels separately described, which had been released from the lien of the mortgage; and that the defendant Smith had made, executed, and delivered contracts of sale of certain separate and specified portions of the whole property to various persons, who were named in detail; that the defendants C. T. Nye and Leslie M. Cain held executory contracts of purchase and sale in force and effect from the plaintiff and defendant for the sale and purchase of certain designated lots which were portions of the whole property in controversy; that there were no liens or encumbrances on the common property sought to be partitioned save and except those specifically referred to hereinabove; that the defendant M. A. Rich, the wife of the plaintiff, claimed an interest in the property in controversy under

the Foley mortgage, which claim, notwithstanding the fact that the defendant Rich held of record in her name title to a one-half interest in said mortgage, was without any right whatsoever, because of the fact that the consideration for the transfer,—namely, $1,778.93, was paid by the plaintiff for the use and benefit of the plaintiff and the defendant Smith; that on the twenty-second day of December, 1908, as alleged in the plaintiff's complaint, the defendant Smith made, executed, and delivered to one Nellie Cracknell a mortgage covering all of a certain lot of land included within the common property, which was subsequently released by the executor of the estate of the mortgagee to the plaintiff upon the payment by him of the sum of $5,210, which payment was made for the benefit of the plaintiff and the defendant Smith. Finally the trial court found the facts with reference to the claimed advances of money by the plaintiff and defendant Smith for the benefit of certain of the common property to be substantially as alleged in the plaintiff's complaint; that no copartnership existed between the plaintiff and the defendant Smith.

As conclusions of law from these findings the trial court declared that the plaintiff and the defendant Smith owned as tenants in common the property in controversy excepting certain designated and described portions, in the proportion of an undivided one-half interest in each; that the defendant M. A. Rich had no claim or interest in any of the property; that partition of the property be made, subject to the outstanding and existing liens of the designated mortgages and executory contracts of sale; that the plaintiff was entitled to a lien upon the portion of the property to be allotted to the defendant Smith for one-half of the amount of $21,485.83, found to have been advanced and paid by the plaintiff for the benefit and improvement of the common property; that all of the lands found to be owned by the plaintiff and the defendant Smith as tenants in common can be partitioned according to the respective and ascertained rights of the interested parties without prejudice to either or both.

An interlocutory decree in keeping with the findings of fact and conclusions of law was made and entered, which, after declaring the several mortgages and executory contracts of sale to be valid and subsisting liens, provided for the appointment of referees to make physical partition and allotment of the common property, which was specifically described, to the

plaintiff and the defendant Smith according to their respective interests as found by the court and designated in the decree; that the referees, in making such partition, allot the share of each cotenant so as to embrace the improvements made by each of said cotenants upon the property as previously ascertained and adjudged, but in so doing to exclude the value of the improvements made by each of the tenants in common from the valuation in making said allotments, and value the land without regard to such improvements.

The appeal is by the defendant Smith alone from the interlocutory decree upon a certified record of all of the proceedings had in the lower court; and in support of the appeal the principal contention of the defendant Smith is that "the court was without any authority to order partition of the property in suit for the following reasons:

" (a)    The existence of the mortgages found in the findings precludes the making of any partition;

" (b)    The existence of the contracts for the sale of parts and portions of the property which were not completed precludes the making of any partition."

This contention seems to be based upon the theory that because of the several subsisting mortgage and contract liens covering a portion of the property actual physical partition was impossible; or, if possible, that the probable resulting inequities to one or both of the cotenants would be so manifest and grievous as to make an order for such partition rather than a sale of the property an abuse of the discretion vested in the trial court by the provisions of section 763 of the Code of Civil Procedure. This contention is in effect that the mortgagees and other encumbrancers are entitled as a matter of legal right to have the security for their respective liens kept intact upon each of the particular parcels of the whole property covered by the mortgage or called for by the executory contracts of sale; and that the order for their physical partition must necessarily result in dividing the debt and splitting the respective liens of the several encumbrancers.

Undoubtedly the mortgagees and the parties to the subsisting executory contracts of sale could not be deprived of the right granted to them by their respective mortgagees and contracts to look and resort wholly and solely to the particular pieces of property originally mortgaged or contracted for in satisfaction of the mortgages or in execution of the contracts;

and if the decree in the present case called for anything to the contrary it would certainly be subject to reversal upon the appeal of any or all of the aggrieved encumbrancers. But the decree entered in the present case does not, either expressly or impliedly, in any manner alter or impair the scope and effect of the security of the mortgages or the subject-matter of the contracts. On the contrary, the integrity of the several mortgage liens and contracts which the trial court found to be valid and subsisting is by implication and in express terms recognized and maintained by the decree. Counsel for the defendant Smith insists, nevertheless, that physical partition is impracticable if not impossible unless the decree directing the same contemplates and compels the splitting of the mortgage and contract liens. This must be done, it is said, because it cannot be ascertained where, in making specific allotments to the respective parties, the lines of physical division will be run. In other words, it is erroneously assumed that the referees selected and appointed to make the partition will and must treat all of the lands in controversy as a single tract, and then proceed to divide the same into two equal parts, quantity and quality considered, without regard to the existence of the outstanding mortgages and contracts. If this course were pursued, it certainly would result in a splitting of the security of the mortgages and the subject-matter of the contracts of sale, and could not be countenanced, for the reason that, aside from the inequalities that would be likely to accrue to one or both of the cotenants, it would seriously impair if not utterly destroy the respective obligations of the mortgagee and the contracts of sale. (*Cummings* v. *Cummings,* 75 Cal. 434, [17 Pac. 442]; *Green* v. *Arnold,* 11 R. I. 364, [23 Am. Rep. 466]; 1 Jones on Mortgages, sec. 706.) That the interlocutory decree neither contemplates nor compels the method of partition suggested upon behalf of the defendant Smith is in a measure confirmed, if confirmation be needed, by the fact that the mortgagees and contract-holders who are necessary and proper parties to the proceeding (Code Civ. Proc., sec. 761) have not appealed. In our opinion, the decree contemplates that in making physical partition the referee shall consider the existence as well as the scope and effect of the outstanding mortgages and contracts of sale, and may when making such partition treat the particular parts and parcels of the common property covered by the mortgages and the con-

tracts of sale as so many distinct estates, and separately partition them as such, and then allot them in severalty to one or other of the cotenants, subject, however, to the existence and satisfaction of the mortgage and contract liens. There can be no valid objection to thus treating and disposing of the encumbered portions of the common property. (*Green* v. *Arnold,* 11 R. I. 364, [23 Am. Rep. 466]; *Cheney* v. *Ricks,* 168 Ill. 533, [48 N. E. 75].) No objection to such method of partition has been suggested save that, in the event of a foreclosure of any one or all of the mortgages, one or other of the cotenants may perchance be compelled to pay the mortgage debt in full. The answer to this objection is that in the event that foreclosure proceedings become necessary by reason of the failure of the owners in severalty of the mortgaged property to contribute equally to the payment of the mortgage debt, then the particular owner who may be compelled to pay the entire debt will be rightfully and readily subrogated, to the extent of the excess payment, to the interests of the mortgagee in a proper proceeding instituted for that purpose. (Code Civ. Proc., sec. 709; *Quick* v. *Brenner,* 101 Ind. 230.)

It is apparent that what might be done with the mortgage liens might likewise be done with the contracts of sale, that is to say, each parcel of the common estate which is covered by a contract of sale may be treated as a separate and distinct estate, and so partitioned in severalty subject to the condition of the contract; and while at first blush there may appear to be some slight difficulty in dealing with the receipt of any moneys which may from time to time become due and payable under the terms of the contract, yet upon second thought, it seems to us that if the interested parties cannot agree as to whom such payments may be made, the court may, in aid of the final judgment of partition, appoint a receiver for that purpose under the provisions of section 564 of the Code of Civil Procedure, which permits the appointment of a receiver in an action between parties jointly interested in any property or fund. (High on Receivers, 4th ed., 607.)

Before passing from this phase of the case, it should be noted that the defendant Smith alleged in his answer that a foreclosure sale of the mortgage premises would result in a sacrifice of the property; and it was asserted and not disputed upon the oral argument that a partition by a sale of the entire property would result in the insolvency of both parties.

In brief, it seems to be conceded by both parties that a partition by sale would prove disastrous; and therefore it may be safely assumed that this was the reason which prompted the lower court to exercise its discretion in favor of an order for physical partition. That this was so is further evidenced by the fact that the defendant Smith, while complaining of physical partition, still insists that under all the pleaded and proven facts in the case, partition by sale should not be ordered, because of the grievous loss which would result therefrom to both parties. It will thus be seen that the ultimate contention of the defendant Smith is that partition of any kind should be denied until such time as partition would result in the fullest profit to both parties.

This position is utterly untenable. Ordinarily, if the party seeking partition is shown to be a tenant in common, and as such entitled to the possession of the land sought to be partitioned, the right to partition is absolute, and cannot be denied, "either because of any supposed difficulty, nor on the suggestion that the interest of the cotenants will be promoted by refusing the application or temporarily postponing action, to secure the advantages to result from a rise in market values." (30 Cyc., 177, 178, 189.)

We are satisfied that the referees appointed to make partition may readily do so in keeping with our views as to the scope and effect of the interlocutory decree, without substantial injustice to either cotenant, and at the same time preserve the rights of the mortgagees and other encumbrancers, without diminution or entanglement. If, however, they fail to do so, objections to their report will afford ample remedy to the party claiming to be aggrieved thereby. (*Cheney* v. *Ricks*, 168 Ill. 533, [48 N. E. 75].)

The finding of the trial court that the plaintiff and the defendant Smith were tenants in common and not copartners in the land in controversy, is, in our opinion, sufficiently sustained by the evidence adduced upon the whole case. The best that can be said in favor of the defendant Smith on this phase of the case is that there is a substantial conflict in the evidence, which, of course, will not suffice to overthrow the findings.

There is no merit in the contention that the trial court awarded to plaintiff an interest in the "Wienke tract" greater than that to which the evidence showed him to be

entitled. The court directed that one-half of that particular piece or parcel be allotted to the plaintiff and the defendant Smith, and, in our opinion, the evidence warrants and sustains such allotment. True, the contract between plaintiff and the defendant Smith, dated April 1, 1906, provided for a distribution in the proportion of one-third to two-thirds, respectively, to the plaintiff and the defendant Smith, of any and all the profits arising from the sale of the "Wienke tract"; but this contract was not conclusive evidence of the interest actually owned by each cotenant in that particular tract. There is other evidence upon this phase of the case to the effect that some time after the making of the contract referred to a deed to the "Wienke tract" was executed to the plaintiff and the defendant Smith by Wienke, which did not designate the portions conveyed to each grantee. Other evidence was to the effect that the plaintiff consented to the making and acceptance of such deed only after an understanding with the defendant Smith that they and each of them were to receive and own an undivided one-half of the tract conveyed by the deed. The latter evidence fortifies the presumption arising from the execution of the deed that, nothing to the contrary appearing therein, the plaintiff and the defendant Smith took the particular tract in question as tenants in common to the extent of an undivided one-half interest therein. (13 Cyc. 664, subd. g.) Therefore it cannot be said that the finding and award of the court with reference to the Wienke tract is not supported by any evidence.

The contention that the trial court should not have made provision for charging the defendant Smith's share of the common property to be awarded to him upon partition, with a lien for the payment of the sums found to be due to the plaintiff for and on account of advancements made for the common benefit of the joint property, is answered, we think, by the opinion in the case of *Willmon* v. *Koyer*, 168 Cal. 369, [143 Pac. 694], where, in disposing of practically the same contention, the court said: "The rule is that when one tenant in common has paid a debt or obligation for the benefit of the joint property, or has discharged a lien or assessment imposed upon it as a common burden, he is entitled as a matter of right to have his cotenant who has received the benefit of it refund to him his proportionate share of the amount paid. . . . The court decreed a partition, and found the plaintiff had paid the

expenditures claimed . . . that the defendant was liable for one-half thereof. . . . gave judgment in favor of plaintiff therefor, and established a lien as prayed for. . . . It was an appropriate judgment to enter under the pleadings; in fact it is always appropriate to do so in partition as the only effectual way to secure a cotenant making advances and obtaining judgment therefor.'' (See, also, *Ventre* v. *Tiscornia,* 23 Cal. App. 598, [138 Pac. 954].)

It is finally contended that there is no evidence upon which the court could base any conclusion as to the amount of the advances made by Rich over Smith. In this behalf the record shows the admission in evidence of two separate sets of books covering advances and expenditures made by each of the cotenants for the improvement of certain portions of the common property and the extinguishment of liens existing thereon. But it is asserted that these books were never balanced, and that therefore it could not be ascertained therefrom with any degree of accuracy the amount of the plaintiff's payments and advances over those of the defendant Smith.

Conceding that these books were never formally and finally balanced, nevertheless their contents were disclosed as a matter of evidence to the trial court, from which, it will be presumed, nothing to the contrary appearing, that a balance of the account existing between the plaintiff and said defendant might be readily and rightfully made which would suffice as a foundation for a finding fixing the sum due to plaintiff for advancements made for the benefit of the common property over and above the advancements found to have been made by said defendant for the same purpose. Although stipulated to be a part of the record on appeal, the books did not accompany the record, and as a consequence are not before us. The books having been admitted in evidence upon the trial, the lower court presumably investigated them, and based its findings, in part at least, upon the result of its investigation. In the absence of a showing to the contrary, it will be presumed upon appeal that the contents of the books referred to justified and fully supported the findings of the trial court. (*Fay* v. *Fay,* 165 Cal. 469, [132 Pac. 1040]; *Whitaker* v. *Moran,* 23 Cal. App. 758, [139 Pac. 901].)

But even if it be conceded that a formal balancing of the books was necessary to an accurate understanding of the account existing between plaintiff and said defendant, the rec-

26 Cal. App.—50

ord shows that the books had been experted, and that the report of the expert, with the exception of certain designated items, was admitted in evidence, and that subsequently the plaintiff, as a witness in his own behalf, gave testimony which tended to establish the existence of certain disputed items in the account which the trial court held were not established by the report of the expert. Upon the whole, we are satisfied that the evidence sufficiently supports the finding last complained of.

This disposes of all the points made in support of the appeal, and for the reasons stated the judgment appealed from is affirmed.

Richards, J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 13, 1915.