[Civ. No. 1714. Second Appellate District.—September 28, 1915.]

## MOJAVE AND BAKERSFIELD RAILROAD COMPANY, Respondent, v. JOHN P. CUDDEBACK, Appellant.

EMINENT DOMAIN—CONDEMNATION OF LAND FOR RAILROAD PURPOSES—ABANDONMENT OF ACTION — COSTS — ATTORNEY'S FEES — SECTION 1255A CODE CIVIL PROCEDURE. — Section 1255a of the Code of Civil Procedure provides that upon the abandonment of an action for the condemnation of land the defendant shall be awarded his costs and disbursements, which includes all necessary expenses incurred in preparing for trial and reasonable attorney's fees, which costs may be claimed by a cost-bill to be served, filed, and taxed as in civil actions.

ID.—MOTION TO RETAX COSTS—GROUNDS OF MOTION.—Where the defendant claimed his costs by filing a verified memorandum thereof, including attorney's fees in this case and clerk's fees in a *mandamus* proceeding to compel the judge to try the case, and plaintiff gave notice of motion to strike those items from the cost-bill, upon the sole ground that they were "unlawful and not properly taxable as costs," the motion should be confined to these grounds solely, and the party cannot maintain that the fees were excessive, not having objected on that ground.

ID.—EVIDENCE—AFFIDAVIT TO MEMORANDUM OF COSTS—SUFFICIENCY OF. Where the memorandum of costs was verified and was not contradicted by evidence offered by plaintiff, it was error for the court to require defendant to produce further evidence in support of the facts established by the affidavit, that the attorney's fees claimed were proper and reasonable in amount for the services performed, as the affidavit was sufficient *prima facie* for such purpose.

ID.—CLERK'S FEES—MANDAMUS PROCEEDING—IMPROPER ITEM.—The fee of the clerk of the district court of appeal for filing a *mandamus* proceeding to compel the trial judge to try the case was not allowable, and was properly stricken from the cost-bill, because the action in which it was incurred was not an action or proceeding against the plaintiff, or for which costs could be taxed against it.

APPEAL from an order of the Superior Court of Kern County taxing costs. Howard A. Peairs, Judge.

The facts are stated in the opinion of the court.

J. R. Scott, and T. M. McNamara, for Appellant.

Henry T. Gage, E. J. Foulds, F. E. Borton, W. I. Gilbert, and W. I. Foley, for Respondent.

SHAW, J.—This is an appeal prosecuted by defendant from an order of court taxing costs.

The action was one of eminent domain instituted by plaintiff against defendant and others to condemn a strip of land for railroad purposes one hundred feet in width and extending a distance of sixteen miles through a tract eighteen thousand acres in extent. After issue joined, and before trial, plaintiff served and filed a notice stating that it abandoned the proceeding pursuant to the provisions of section 1255a, of the Code of Civil Procedure. Thereupon the court, upon motion of the defendant, in accordance with the provisions of said section, caused to be entered a judgment of dismissal of the action, wherein it was adjudged that defendant have and recover "his proper costs and disbursements incurred herein, including necessary expenses incurred by him in preparing for trial and reasonable attorney fees, amounting to the sum of ....... dollars." Thereafter, as provided in section 1033 of the Code of Civil Procedure, defendant (appellant here) served and filed a memorandum of costs, expenses, and disbursements wherein, among other items, was inserted two items involved in this appeal. These items were as follows: Under the head of "Attorney's fees and expenses in preparing for trial," there was inserted: "Attorney's fees, $2,250.00." The other item was: "Fee Clerk dist. court appeal in *mandamus* case brought March 19, 1914, before filing notice abandonment to compel judge to try this case, $7.50." This memorandum of costs was headed as follows: "Memorandum of costs and disbursements of defendant, John P. Cuddeback, including reasonable attorney's fees and necessary expenses incurred in preparing for trial"; duly verified by one of defendant's attorneys, wherein it was averred "that the items of costs and disbursements in the above memorandum contained, including attorney's fees and expenses incurred in preparing for trial of said action, are correct and said attorney's fees are reasonable, to the best of affiant's knowledge and belief." Thereupon plaintiff, pursuant to notice duly given, presented its motion that "the court retax defendant's costs by striking from his cost-bill served and filed herein, the following items, for the reason that said items are unlawful and not properly taxable as costs in said cause." Among other items of costs so attacked as being *unlawful and not properly taxable as costs*, and

which the court was asked to strike from the cost-bill, was the item of two thousand two hundred and fifty dollars, averred in defendant's affidavit as being necessary and reasonable, and the item of $7.50, paid the clerk of the district court of appeal upon the filing of the application for a writ of *mandamus* directed to the superior court wherein said cause was pending.

Upon the hearing of the motion, defendant (appellant here) objected to the court considering any ground or reason in support of the motion other than the grounds specified therein and assigned as reasons for striking the items from the memorandum, namely: That the items were *unlawful* and not properly *taxable as costs.* This objection was overruled and, without any counter-affidavit or evidence on the part of plaintiff controverting the *prima facie* showing made by the verified memorandum of defendant, he was required by the court to produce further evidence in support of the fact established by his affidavit that the attorney's fee claimed was proper and reasonable in amount for the services performed.

Our opinion is that in so ruling the court erred. Section 1255a of the Code of Civil Procedure, provides that upon the abandonment of said proceeding a judgment shall be entered dismissing the same "and awarding the defendant his costs and disbursements, which shall include all necessary expenses incurred in preparing for trial and reasonable attorney fees. These costs and disbursements, including expenses and attorney fees, may be claimed in and by a cost-bill, to be prepared, served, filed and taxed as in civil actions." Under section 1033 of the Code of Civil Procedure, a party dissatisfied with the costs claimed may, within five days after notice of filing of the bill of costs, file a motion to have the same taxed by the court. If, however, the notice of motion be not given within the time specified therefor, the clerk must, upon the expiration thereof, make the entry in accordance with the memorandum of costs filed. Otherwise, where the motion is made the entry by the clerk is in accordance with the order therein made by the court in taxing the costs. Thus, if a party to an action against whom cost is awarded neglects within the time specified in section 1033 to apply to the court to have the same taxed, he is deemed to have assented to the correctness and lawfulness of the items as claimed in the veri-

fied memorandum of costs as filed, the total of which upon being entered in the judgment by the clerk in accordance with his duty, is of the same force and effect as any other part of the judgment. This being true, and since the party subject to the payment of cost may waive any and all objections to the claim for cost, it follows, we think, that he may limit his objections to such grounds *only* as he may specify in his motion as the reasons for asking the intervention of the court in taxing the cost.

An application to have the court tax costs is made by motion. (*Carpy* v. *Dowdell,* 129 Cal. 244, [61 Pac. 1126]; *Senior* v. *Anderson,* 130 Cal. 290, [62 Pac. 563].) Section 1010 of the Code of Civil Procedure, provides that "the notice of a motion . . . must state . . . the grounds upon which it will be made"; (*Carpy* v. *Dowdell,* 130 Cal. 290, [62 Pac. 563]) and if this be true, it follows that only such grounds as may be specified can be considered by the court in support of the motion. (*State* v. *Sherman,* 42 Mo. 215; *Corwith* v. *State Bank of Illinois,* 8 Wis. (182) *376; *Silva* v. *Holland,* 74 Cal. 530, [16 Pac. 385]; *Poehlmann* v. *Kennedy,* 48 Cal. 201.) The motion as made pursuant to the notice given was to have the two items mentioned stricken from the memorandum upon the ground that they were *"unlawful and not properly taxable as costs."* Plaintiff thus restricted its objections to the ground that under the law defendant was not entitled to any attorney fee whatsoever to be taxed as costs. The reasons thus assigned for its dissatisfaction were not such as to imply or suggest any objection to the item based upon the ground that the same was excessive or unreasonable. On the contrary, if defendant was entitled to any sum as attorney's fee, it was impliedly conceded that he was entitled to the amount claimed. As to this item of cost the only inquiry which the court under the motion was authorized to make was whether defendant was entitled, as costs, to any sum as attorney's fee. That he was, clearly appears from section 1255a of the Code of Civil Procedure. Had plaintiff failed to make any motion to tax the costs, the effect would have been a waiver of any objections thereto, and since no objection was made upon the ground that the fee claimed was excessive, plaintiff must be deemed to have been satisfied that it was reasonable, and other than upon the ground that as a whole it was illegal and should be stricken out, no objection was urged to it.

Upon the face of the memorandum, the claim for attorney's fees as provided by section 1255a was as necessary, proper, and legal as that for fees paid to the officers of the court or for the attendance of witnesses. As stated, being verified it constituted a *prima facie* showing which, in the absence of any evidence to the contrary, should control the decision of the court. (*Barnhart* v. *Kron,* 88 Cal. 447, [26 Pac. 210]; *Whitaker* v. *Moran,* 23 Cal. App. 758, [139 Pac. 901]; *Meyer* v. *City of San Diego,* 132 Cal. 35, [64 Pac. 124].) In *Fay* v. *Fay,* 165 Cal. 469, [132 Pac. 1040], the court, in discussing a like question, said: "We do not see how this action can be sustained upon the record before us. It has several times been said by this court that if the legal showing of the party claiming costs which appear upon their face to be necessary and proper is not controverted in some way, it should control the decision of the court." So here, since it appeared from the uncontroverted verified memorandum that the item of cost was on its face legal, necessary, and proper, such fact should have controlled the decision of the court in making an order allowing the amount specified in the memorandum as being reasonable. Hence, it was error for the court, in the absence of any proof on the part of plaintiff tending to con-. trovert the *prima facie* showing made by the verified memorandum, to require defendant to produce further evidence that the fee claimed was reasonable.

As to the fee of $7.50 paid to the clerk of the district court of appeal, the grounds specified were sufficient for the reason that the fee so paid was not legally chargeable as costs against the plaintiff in the action. The application for the writ of mandate was based upon the assumption that the court had refused to perform a duty which the law imposed upon it. Section 1095 of the Code of Civil Procedure provides that where the respondent is a state, county, or municipal officer, all costs which may be recovered or awarded shall be recovered and awarded against the state, county, or municipal corporation represented by such officer. The fact, if it be a fact, that the court had wrongfully refused to proceed with the trial of the case and on account of which refusal defendant applied to the court of appeal from a writ of mandate to be directed to the court commanding it to try the case, was not an action or proceeding against the plaintiff or for which, in any event, costs could be taxed or claimed against plaintiff.

Hence, the ruling of the court in striking from the memorandum of costs the item of $7.50 was correct. As stated in the motion, it was not lawfully taxable as costs against the plaintiff.

The order of the court in striking from the memorandum the item of $7.50 paid as a fee in the *mandamus* proceeding, is affirmed; and its order in reducing the attorney's fee of two thousand two hundred and fifty dollars, as claimed in the memorandum to be necessary, proper, and reasonable, to the sum of one thousand five hundred dollars, is reversed, and the court directed to make an order taxing defendant's costs for attorney's fee at the sum of two thousand two hundred and fifty dollars as claimed in his memorandum of costs filed in said proceeding.

Conrey, P. J., and James, J., concurred.