ORRELIOUS A. HERING, APPELLEE, V. EMMA SIMON,
APPELLANT.

FILED JUNE 20, 1906. No. 14,395.

1. **Costs.** Attorney's fees cannot be taxed as costs against the successful litigant in an action at law or in equity.

2. ————. In an action in equity the trial court has a sound discretion in taxing the costs of the action to the different litigants, but this discretion is subject to review when unreasonably or arbitrarily exercised.

APPEAL from the district court for Lancaster county: ALBERT J. CORNISH, JUDGE. *Affirmed except as to costs.*

*Kirkpatrick & Hager*, for appellant.

*George A. Adams* and *George W. Berge*, contra.

OLDHAM, C.

This was an action for the specific performance of a contract for the sale of real estate. Issues were joined on the petition of plaintiff Hering and the separate answer of defendant Emma Simon. The general finding of the trial court was, in substance, that the facts adduced in evidence did not warrant a specific enforcement of the contract, but that they did warrant its annulment and cancelation, and a decree was entered annulling and canceling the contract. After this decree, the court made the following additional finding: "That the defendant, Emma Simon, is not entirely without fault in the premises; that while in the discretion of the court the said contract should not be ordered to be specifically performed, the said defendant, Emma Simon, ought to pay the costs of this litigation and reasonable attorney's fees of the plaintiff in the sum of $200; that the plaintiff is entitled to judgment against her in that amount." This finding was followed by an order and judgment awarding a recovery by plaintiff from defendant in the sum of $200 for attorney's fees and the

costs of the action. From this judgment for costs and attorney's fees defendant has appealed to this court.

There is no complaint as to the general judgment and decree, and the appellee has not seen fit to favor us with a brief in support of the finding and judgment in favor of plaintiff for attorney's fees and costs. We have examined the evidence contained in the record and are satisfied that the decree refusing specific performance and canceling the contract is supported by the testimony; but the rule in this jurisdiction against taxing attorney's fees as costs in a legal or equitable action, unless provided for by statute, is too well established to require the citation of authorities, and there is no statute which in any case permits the taxing of attorney's fees against the successful litigant. While in equity cases the court has a sound discretion in taxing the costs of the litigation, yet this discretion, when arbitrarily or unreasonably exercised, is subject to review. From our examination of the record in this case, we are of opinion that it is unjust and inequitable to tax the entire costs of the trial of the cause against the defendant, but we think it both just and equitable that each of the litigants should pay his own costs.

We therefore recommend that the judgment of the district court, in so far as it awards plaintiff a recovery of attorney's fees and the entire costs of the action, be reversed and the cause remanded, with directions to enter a judgment against each party for his own costs.

AMES and EPPERSON, CC., concur.

By the Court: For the reasons given in the foregoing opinion, it is ordered that the judgment of the district court, in so far as it awards a recovery of attorney's fees and the entire costs of the action, be reversed and the cause be remanded, with directions to enter a judgment against each party for his own costs.

JUDGMENT ACCORDINGLY.