[Civ. No. 1878. Third Appellate District.—February 12, 1919.]

MARY McARTHUR, as Administratrix, etc., Respondent, v. THE JOHN McARTHUR COMPANY (a Corporation), et al., Appellants.

ATTORNEYS' FEES—UNWARRANTED ALLOWANCE.—There is no warrant for an allowance of attorneys' fees in an action by the representative of a deceased stockholder against a corporation and its officers, on the ground that its books were unscientifically kept or on any ground, and especially when the costs were awarded to the losing party and against the winning party.

APPEAL from a judgment of the Superior Court of Shasta County. J. E. Barber, Judge. Reversed.

The facts are stated in the opinion of the court.

W. D. Tillotson for Appellants.

Theodore A. Bell and Braynard & Kimball for Respondent.

BURNETT, J.—Plaintiff brought the action for an accounting, charging the individual defendants with fraud, conspiracy, and misappropriation of the funds of the corporation defendant, in which the decedent, Archibald McArthur, was a stockholder. The answer denied all the allegations of misconduct, and the court found in favor of the defendants upon

all the material issues, but declared that the books of the corporation had been unscientifically kept, although ''the method of bookkeeping employed has been substantially the same as that which has been maintained by said corporation ever since its organization, and that because of the unscientific system of bookkeeping the court finds that the plaintiff is excusable for bringing this action and for that reason, reasonable attorney's fees should be allowed attorneys for plaintiff.'' The trial court concluded that two thousand dollars was a reasonable amount of said fees and entered its judgment accordingly.

This judgment is certainly unique. We would be glad to know if there is any statute or any decision of the highest court of any state that justifies it. Our attention has not been called to any authority that supports it. Indeed, respondent's counsel have made no argument in this court whatever in the cause, and the reason, no doubt, is that they would not willingly contend for something that their judgment does not approve. It must have been the result of an inadvertence on the part of the trial judge that the award was made, and it is altogether probable that he would have corrected it if the opportunity had been presented.

The rule is, of course, that the matter of costs is the subject of statutory regulation. The consideration is fully discussed by Justice Hart in *Murphy* v. *Casey,* 13 Cal. App. 781, [110 Pac. 956], and *Duley* v. *Peacock,* 17 Cal. App. 418, [119 Pac. 1086], and no necessity exists to add anything as to the general proposition.

Again, there is no law in this state authorizing in this class of cases the imposition of an attorney's fee as a part of the ''costs'' that may be recovered. Furthermore, it has been held by the supreme court that the act of the legislature in providing attorneys' fees in a certain class of cases is unconstitutional and void. (*Builders' Supply Depot* v. *O'Connor,* 150 Cal. 265, [119 Am. St. Rep. 193, 11 Ann. Cas. 712, 17 L. R. A. (N. S.) 909, 88 Pac. 982].)

But beyond all this, the attorneys' fee was awarded to the *losing* party and against the *winning* party. This cannot be done. (*Hering* v. *Simon,* 77 Neb. 60, [108 N. W. 154].)

The court held, in other words, that the plaintiff really had no cause of action against the defendants, but, nevertheless, they should afford her some compensation for her mistake in

bringing the action by paying her attorneys two thousand dollars for their services.

Of course, if such a rule should prevail, it would multiply litigation and afford a bonanza to enterprising attorneys who are more mindful of the emoluments than of the honor of the profession. However, there can be no serious contention that the judgment for the attorneys' fee can be upheld, and it is therefore reversed.

Hart, J., and Buck, J., *pro tem.,* concurred.