[Civ. No. 7432.  First Appellate District, Division One.—December 16, 1930.]

W. S. MURPHY, Respondent, v. F. D. CORNELL COM-PANY (a Corporation), Appellant.

Kirkbride, Wilson & Brooks for Appellant.

Alfred Aram for Respondent.

THE COURT.—An appeal by the defendant from a portion of the judgment in the above case awarding attorney's fees, and from an order refusing to tax certain items of plaintiff's costs in the action.

The complaint set forth separate causes of action on two promissory notes and also common counts for work and labor. The first note was for $4,947.50 with interest, which was executed by defendant corporation to the plaintiff. The second note, which was for $2,500 with interest, was executed by O. L. Bergen and Persis Bergen to the defendant, and by the latter indorsed to plaintiff as security for the first note. The court entered judgment against defendant on the first note for the principal and interest due; on the second no recovery was allowed except for attorney's fees in the sum of $500, and on the common counts judgment was entered for the defendant.

Plaintiff filed a cost bill, from which it appears that he attached real and personal property of the defendant in several counties. The items of which defendant complains, and which among others he moved to tax, were a sum alleged to have been expended in the levy of the attachment upon a number of parcels of land in Riverside County, namely $261.10, and the expense of "obtaining a description of property for attachment" in the sum of $36.70.

The note upon which the attorney's fees was allowed contained the following provision: " . . . and in case suit is brought hereon or attorney be employed or expenses

incurred to compel the payment hereof, a reasonable sum in addition as attorney's fee." It is clear from this provision that an attorney's fee might be allowed in a proper case where suit was brought to compel payment and an attorney employed; but such fees are in the nature of special damage under the contract (*Prescott* v. *Grady,* 91 Cal. 518 [27 Pac. 755]; *De Jarnatt* v. *Marquez,* 127 Cal. 558 [78 Am. St. Rep. 90, 60 Pac. 45]); and it has been held that an allowance of attorney's fees to the losing party—which was the case here—is improper. (*McArthur* v. *John McArthur Co.,* 39 Cal. App. 704 [179 Pac. 700]; *Hering* v. *Simon,* 77 Neb. 60 [108 N. W. 154]).

In support of the motion to tax costs, affidavits were filed by the president of defendant corporation and its counsel. These affidavits were not denied. According to the same, plaintiff attached eighty parcels of real property belonging to the corporation in Riverside County aggregating several thousand acres, the value of defendant's interest therein being approximately $100,000. The affidavits alleged that the amount and value of the property attached was disproportionate to the amount sued for, and that the same was attached pursuant to a threat by plaintiff's counsel to destroy the corporation if the claims were not paid. It also appears therefrom that the greater portion of the land attached is subject to a deed of trust and mortgages, and that several hundred acres had been sold and full payment made therefor by the purchaser.

While it has been held that where the items claimed as costs do not appear on their face to be necessary, and their correctness is challenged by the affidavit of the contesting party, the burden is then upon the claimant to prove that the charges are proper, and if he fails to introduce evidence to that effect they should be stricken out (*Miller* v. *Highland Ditch Co.,* 91 Cal. 103 [27 Pac. 536]; *Senior* v. *Anderson,* 130 Cal. 290 [62 Pac. 563]; *Whitaker* v. *Moran,* 23 Cal. App. 758 [139 Pac. 901]), nevertheless, where the items appear to be proper charges a verified memorandum of costs is *prima facie* evidence that the same had been necessarily incurred (*Fay* v. *Fay,* 165 Cal. 469 [132 Pac. 1040]; *Ray* v. *Clark,* 57 Cal. App. 467 [207 Pac. 501]).

Here the cost of levying the attachment was *prima*

*facie* a proper charge; and considering the encumbered condition of defendant's land as shown by the affidavits it does not necessarily appear that the expenditure was made in bad faith or for the purpose of obstruction. The question was primarily one for the trial court, the determination of the items allowable for costs being left largely to its discretion; and unless an abuse of discretion is shown such determination will not be disturbed on appeal (*Welch* v. *Alcott,* 178 Cal. 530 [174 Pac. 34]; *Puppo* v. *Larosa,* 194 Cal. 721 [230 Pac. 440]). In view of the facts we cannot say that the allowance of this amount by the court was an abuse of discretion.

[4] As regards the item of $36.70 there is nothing in the record as to how the description of the property was obtained, and the necessity for this expenditure was controverted by the affidavits mentioned. For aught that appears the information may have been obtained by plaintiff or his counsel from the public records, in which case the charge would be clearly improper. As in the analogous case of a claim by a successful plaintiff for the cost of obtaining a replevin bond from a surety company, such a charge was not necessarily incurred within the meaning of section 1033 of the Code of Civil Procedure (*Williams* v. *Atchison, Topeka & Santa Fe R. Co.,* 156 Cal. 140 [134 Am. St. Rep. 117, 191 Ann. Cas. 1260, 103 Pac. 885]); and in the absence of evidence showing its necessity, the same should have been stricken from the cost bill (*Miller* v. *Highland Ditch Co., supra; Whitaker* v. *Moran, supra*).

It is generally held that expenditures incurred by the prevailing party for his own benefit in the preparation of his case are not taxable in the action, among such expenditures being the preparation of a map (*Miller* v. *Highland Ditch Co., supra*), the expenses of an expert accountant (*Faulkner* v. *Hendy,* 79 Cal. 265 [21 Pac. 754]) and the fees of a surveyor for obtaining data for the preparation of maps (*Bathgate* v. *Irvine,* 126 Cal. 135 [77 Am. St. Rep. 158, 58 Pac. 442]).

The judgment is accordingly modified by deducting therefrom the allowance made for attorney's fees, namely, $500. The order appealed from is also modified by striking therefrom the item of $36.70 claimed as the expense of obtaining

a description of property for attachment, and as so modified is affirmed. It is further ordered that appellant recover its costs on appeal.