[Civ. No. 1607.   Fourth Appellate District.—April 1, 1936.]

H. B. R. BRIGGS et al., Appellants, v. E. W. SCRIPPS, Trustee, etc., et al., Respondents.

44

McAdoo & Neblett, McAdoo, Neblett & Warner, John G. Sabieski and Leroy B. Lorenz for Appellants.

S. S. Hahn, W. O. Graf and P. O. Clough for Respondents.

SCOVEL, J., *pro tem.*—Plaintiffs are minority stockholders in all of the defendant corporations excepting Scripps Newspapers, Inc. Defendant E. W. Scripps is the son of Mrs. Josephine S. Scripps. In 1932 she was indebted to the defendant corporations excepting Scripps Newspapers, Inc., in the sum of some $316,000. E. W. Scripps was the managing director and treasurer of all defendant corporations and after talking the matter over with the various directors of defendant corporations canceled the obligation of Mrs. Josephine S. Scripps and in lieu thereof accepted a note of Scripps Newspapers, Inc., for the same amount, secured by one thousand shares of Scripps Newspapers. Inc., the book value of such collateral being $450,000. Scripps Newspapers, Inc., is a holding corporation, at least ninety per cent of its assets consisting of shares of stock in the other defendant corporations. The stock of Scripps Newspapers, Inc., is owned by defendants E. W. Scripps, James G. Scripps, Josephine L. Scripps and Ellen Browning Scripps, brothers and sisters, Mrs. Josephine S. Scripps having no interest whatsoever therein. The evidence fails to show that the exchange of indebtedness from Mrs. Josephine S. Scripps to Scripps Newspapers, Inc., in any way injured the other corporations or that there was any fraud involved in the transaction. For many years, it was the custom among the various defendant corporations at the annual stockholders' meetings to adopt a blanket resolution ratifying and confirming all of the acts theretofore done by E. W. Scripps, as manager and treasurer of the various corporations. Subsequent to the cancellation of the Jose-

phine S. Scripps loan and the acceptance of the Scripps Newspapers, Inc., note in lieu thereof, such a resolution was adopted by the stockholders of the various corporations ratifying and confirming all acts of E. W. Scripps, as manager and treasurer. Subsequent thereto, plaintiffs filed this action seeking to set aside the transfer of indebtedness. Judgment was entered in favor of defendants, from which plaintiffs appeal.

Appellants maintain that the so-called loan to Scripps Newspapers, Inc., is a misappropriation of moneys by E. W. Scripps as treasurer of other defendant corporations for the benefit of E. W. Scripps and his brother and sisters, the sole stockholders of Scripps Newspapers, Inc. The evidence shows, however, that in truth and in fact no actual moneys were received by Scripps Newspapers, Inc., the transaction consisting in the assumption by Scripps Newspapers, Inc., of the indebtedness of Josephine S. Scripps and the cancellation of her indebtedness represented thereby. While the directors of the various corporations took no formal action approving the same, it was done with their knowledge and approval. The new obligation was amply secured, and from all that appears in the transcript the new debtor may be more financially responsible than the old one. The fact that E. W. Scripps was a director of all of the corporations and actively engaged in the transaction does not make it void or subject to attack by minority stockholders in the absence of fraud or damage to them. (*Buck* v. *Tuxedo Land Co.,* 109 Cal. App. 453, at 458 [293 Pac. 122].) It is not within the province of a court to interfere with the financial policy of a corporation nor attempt to dictate its management unless there be a showing of fraud or damage to the complaining stockholders.

Appellants cite *People* v. *Talbot,* 220 Cal. 3 [28 Pac. (2d) 1057], and *People* v. *Epstein,* 118 Cal. App. 7 [4 Pac. (2d) 555], to the effect that officers or directors of corporations taking money from their companies under the guise of loans are guilty of embezzlement or misappropriation of corporate funds. In the case at bar, however, it is not shown that E. W. Scripps or any officer or director of any of the corporations profited in any manner whatsoever through the transaction complained of; in fact, if any injury ensued it was to the stockholders of Scripps Newspapers, Inc., through

its assumption of the indebtedness of Josephine S. Scripps, and they are not complaining.

■ Appellants also seek the protection of Civil Code, section 366, prohibiting loans to directors or officers of their respective corporations. As hereinbefore pointed out, however, no loan was actually made to any officer, director or shareholder in any of the corporations involved, the whole transaction consisting merely of an assumption of indebtedness by Scripps Newspapers, Inc.

Certain findings are also attacked by appellants as not supported by the evidence. We have read the entire transcript and are satisfied that the findings are amply supported or are made on matters not material to the appeal and which would be insufficient to change the judgment had they been made in accordance with appellants' contentions.

The judgment is affirmed.

Barnard, P. J., and Marks, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 29, 1936, and an application by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 25, 1936.