[Civ. No. 11421. Second Appellate District, Division Two.—July 30, 1937.]

FRANK PECE, Appellant, v. TAMA TRADING COMPANY (a Corporation), Respondent.

Fred W. Heatherly and John A. Jorgenson for Appellant.

Canepa & Castruccio and Horace W. Danforth for Respondent.

McCOMB, J.—From a judgment in favor of defendant after trial before the court without a jury in an action to recover a sum alleged to be due as salary plaintiff appeals.

Viewing the evidence most favorable to defendant (*Patten & Davies Lbr. Co.* v. *McConville*, 219 Cal. 161, 164 [25 Pac. (2d) 429]), the essential facts are these:

The salary of plaintiff, an employee and director of defendant corporation, was fixed by the directors at meetings when he was present by resolutions for which he voted, of which the following are typical:

. "Resolution that directors Pincin, Baldo and Pece receive as compensation for their services to the company the sum of $250.00 commencing January, 1932, payable $125.00 per month, balance to be paid at the end of six months; but, in the event there is a shortage of cash on carrying on the business the company may execute and deliver to them respectively a promissory note .payable not to exceed six months from the date thereof for such balance as may then remain unpaid."

"Present all directors. President Pincin in the chair. On motion unanimously voted the same officers as have served for the past year were reelected for the coming year, except that director del Favero was elected treasurer in place of director Pece. On motion, duly made, seconded and carried it was resolved that all employees shall remain in their present employment and directors Pincin, Baldo, Pece be retained, the same being president, secretary, vice president-treasurer, and shall continue to receive the same salaries as in the past, to-wit, the sum of $250.00 per month payable $125.00 per month in cash and the balance payable at the end of the year, provided in any event that no such salaries are to be paid or credited in excess of the net earnings of the corporation for any given year. In other words, if the net earnings of the corporation are not sufficient to cover the full salaries herein fixed, such salaries shall be reduced proportionately to come within the net income of the corporation."

"On motion, duly carried, the following resolution was adopted: Resolved that the salary of John Allera shall be $156.25 per month, payable $125.00 in cash each month, the balance at the end of the year on the same conditions as the foregoing resolution. On motion duly carried, following resolution duly adopted: Resolved that the salary of Frank Pece be $287.25 per month, payable $125.00 in cash each month and balance at the end of the year, provided all salaries for all employees shall not exceed the net income of the corporation, and in that event the salaries to be prorated so as not to exceed the net income."

Francesca Allera, an Italian lady, 76 years of age, who could read, speak and understand but very little English, was one of the principal stockholders of defendant corporation. She entered into an agreement with plaintiff, which read thus:

"THIS AGREEMENT, Made and entered into this 21st day of July, 1931, by and between FRANCESCA ALLERA and FRANK PECE.

"WITNESSETH;

"THAT WHEREAS said Allera is the owner of certain shares of the capital stock of Tama Trading Company, a corporation organized and existing under and by virtue of the laws of the State of California, and having its principal place of business in the City of Los Angeles, California; and

"WHEREAS said company is involved in certain financial difficulties; and

"WHEREAS said Allera has taken no active part in the management of said business; and

"WHEREAS, at her request said Pece has heretofore devoted his energies to clearing said corporation of said difficulties and contemplates continuing so to do in behalf of said Allera,

"NOW THEREFORE, it is agreed that said Pece will remain with said corporation and devote his energies to the business thereof and act on the board of directors in behalf of said Allera;

"That for said services said Pece is to receive a minimum monthly wage of One Hundred Twenty-Five Dollars ($125.00) and a maximum of Two Hundred Fifty Dollars ($250.00) out of the business of said corporation, it having been provided or is to be provided by the board of directors thereof that it will pay such minimum and as much in addition thereto up

to the maximum, as the profits of the business will warrant, and that the above division of profits shall be in the form of dividends:

"Said employment shall continue during the existence of said corporation unless sooner determined by the death or incapacity of said Pece.

"That as compensation for such services in addition to said wage, said Allera will pay to said Pece one-half of the increased value of said stock and of such dividends as may be to her paid thereon during the continuance of this agreement; that said increase is to be determined and based upon the inventory and statement of said business as of June 15, 1931; said stock to be valued according to its portion thereof;

"That said payments shall be made as soon as received by said Allera.

"It is further agreed that this employment is coupled with an interest and is only determinable at the option of said Pece or his inability to act.

"IN WITNESS WHEREOF the parties hereto have hereunto set their hands the day and year first above written.

"FRANCESA ALLERA,
"FRANK PECE."

These are the questions presented for determination:

*First: Was there substantial evidence to sustain the implied findings of the trial court that:*

(a) *The action of the board of directors in fixing plaintiff's salary was not approved or ratified by a majority vote of the stockholders of defendant corporation after learning of plaintiff's participation in the directors' meetings, at which the resolutions fixing plaintiff's salary were passed?*

(b) *As to defendant corporation, the salary fixed by the board of directors was not just and reasonable at the time it was authorized?*

*Second: Did the trial court commit prejudicial error in the reception and conclusion of evidence?*

■ The first question must be answered in the affirmative. We have examined the record and are of the opinion there was substantial evidence considered in connection with such inferences as the trial judge may have reasonably drawn therefrom to sustain the implied finding of fact set forth *supra.* We therefore refrain from further discussion of the evidence. (*Thatch* v. *Livingston,* 13 Cal. App. (2d) 202 [56 Pac. (2d)

549] ; *People* v. *Groves,* 9 Cal. App. (2d) 317, 321 [49 Pac. (2d) 888, 50 Pac. (2d) 813] ; *Leavens* v. *Pinkham & Mc-Kevitt,* 164 Cal. 242, 245 [128 Pac. 399].)

The law is settled that a resolution of a board of directors of a corporation carried by the vote of an interested director is *voidable,* unless (1) the fact of such participation shall be disclosed or known to the board of directors and noted in its minutes, and then by such board be approved by a vote sufficient for such purpose without counting the vote of interested directors, or (2) the fact of such interest be disclosed or known to the stockholders, and such action of the board of directors ratified by the vote of a majority of the stockholders, or (3) the transaction be one that is just and reasonable to the corporation at the time it is authorized. (Civ. Code, sec. 311.)

Hence, since plaintiff was an interested director in the resolutions fixing his salary, the resolutions were voidable at the option of defendant corporation, and, as no one of the three methods hereinbefore mentioned for validating the resolutions had been complied with, judgment was properly rendered for defendant.

As to the second question, plaintiff urges numerous objections to the rulings of the trial court on the admission and exclusion of evidence, none of which were prejudicial to plaintiff and only one merits our attention. The trial judge permitted a witness to testify to a statement of plaintiff over his objection that a proper foundation had not been laid in that there was no testimony first as to the time, place, and parties present when the statement was made.

The trial judge's ruling on this objection was correct. The law is settled that the declaration of a party against his interest concerning the subject of the controversy is admissible against him and it is not necessary that the circumstances of time, place and parties present should first be stated. These questions may properly be asked on cross-examination. (*Diller* v. *Northern Calif. Power Co.,* 162 Cal. 531, 538 [123 Pac. 359, Ann. Cas. 1913D, 908] ; *Swartz* v. *Feddershon,* 92 Cal. App. 285, 292 [268 Pac. 430] ; Wigmore on Evidence, (1904) vol. 2, 1220, sec. 1051.)

For the foregoing reasons the judgment is affirmed.

Crail, P. J., and Wood, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on September 27, 1937.