[Civ. No. 15451.  First Dist., Div. Two.  Feb. 15, 1954.]

SAMUEL A. LEVIN, Plaintiff and Appellant, v. MARTIN C. LEVIN INVESTMENT COMPANY, INC. (a Corporation), Defendant and Appellant; JOSEPH LEVIN et al., Respondents.

Leon A. Blum for Plaintiff and Appellant.

Albert A. Axelrod for Defendant and Appellant and for Respondent Myers.

Stanley Levin for Respondent Levin.

NOURSE, P. J.—This is an appeal by plaintiff Samuel A. Levin from a judgment declaring that plaintiff take nothing by reason of his second amended complaint. The judgment also provided that all parties recover their attorney's fees under section 830, Corporations Code.

The Martin C. Levin Investment Company is a family corporation, which was incorporated in February 1939, to take over certain real property previously owned by Martin C. Levin, deceased brother of Samuel A. Levin, Joseph Levin and Jennie L. Myers. There are 1,000 shares of common stock, of which plaintiff owns 300 shares. Defendants Joseph and Jennie own the remaining 700 shares. Samuel, Joseph and Jennie have been the only directors since the date of incorporation, Joseph being also president, Samuel, vice-president and Jennie, secretary-treasurer. At the time of incorporation the entire board of directors voted that Joseph be paid $150 per month salary as president and manager of the corporation, and that Jennie be paid $200 per month as secretary-treasurer for the ensuing year. Plaintiff Samuel Levin attended that meeting and voted for the resolution. Because

of strained family relationships Samuel Levin has attended no meetings of the directors or shareholders since April 8, 1944. The by-laws provide that the directors be elected at annual meetings and hold office till the next annual meeting of the shareholders. At every annual meeting the same directors were elected. Samuel attended the meetings of April 8, 1944, and April 9, 1949, by attorney. He did not attend personally or by attorney in the years 1942, 1943, 1945, 1946 or 1947. The last meeting he had personally attended ended in a fist fight.

The minutes of the 1945, 1947 and 1948 meetings of the board of directors show that salaries were continued at the same rates. The same salaries were in force at the time of trial.

Defendants Joseph Levin and Jennie Myers and some of their respective children are partners in a scrap iron business known as "Joseph L. Levin & Sons" which has places of business in San Francisco and Los Angeles. This partnership has been renting from defendant corporation and occupying for its own use two of the most valuable corporate properties located at 2225-2255 Third Street, San Francisco, and 2863 East Slauson Avenue, Los Angeles. These properties have been rented on a month to month basis, no written lease ever having been made between the partnership and corporation. Plaintiff Samuel Levin has no financial interest in this partnership.

From 1939 to 1947 the partnership has paid the corporation a monthly rent of $250 for the San Francisco property and $150 for the Los Angeles property. In 1947 Joseph Levin and Jennie L. Myers as directors and officers of the corporation increased the rent of the San Francisco property to $500 per month, and the Los Angeles property to $300. There has been no increase since 1947.

The second amended complaint alleged that the defendants Joseph and Jennie have leased to themselves individually and to members of their families within the firm of Joseph Levin and Sons, valuable real property at rentals below the current and reasonable market value thereof; that they leased to the Sierra Candy Company property at rental unknown to plaintiff and have appropriated said rentals for their personal use and benefit; that the salaries paid to Joseph and Jennie were and are unreasonable and disproportionate to the work performed by them; that Joseph and Jennie have taken unfair advantage of the fact that they constitute a

majority of the board of directors and are operating the corporation for their personal benefit disregarding plaintiff's rights; that plaintiff made written demands for an accounting on January 15, 1948, and February 9, 1948, and that defendants have refused to comply with plaintiff's demands. Plaintiff asked judgment (a) requiring an accounting; (b) a money judgment for funds wrongfully appropriated; (c) removal of Joseph and Jennie as officers and directors; (d) attorneys' fees and costs; (e) other and further relief.

Defendants answered, denying generally the allegations of fraud and unfair advantage; alleged the reasonableness of the salaries for the labors performed; alleged that since the incorporation of defendant corporation, it has employed Herbert F. Baker, a certified public accountant to audit the books and prepare income tax returns; that copies have been furnished to plaintiff when received by the corporation; that the books have been at all times open to plaintiff for inspection; that plaintiff has never made any objection to the reports prepared by Mr. Baker.

Defendants for a second and further defense alleged that prior to 1942, Samuel Levin and defendants Joseph Levin and Jennie Myers, together with Harold T. and Martin Levin were copartners transacting a scrap metal business in San Francisco and Los Angeles under the firm name of M. Levin & Sons; that during this time they rented from defendant corporation the properties at 2225 Third Street, San Francisco, and 2863 E. Slauson Avenue, Los Angeles. That during 1942 or immediately prior thereto an action for dissolution of partnership was commenced in San Francisco Superior Court by Joseph, Jennie, and Martin Levin against plaintiff Samuel, and Harold T. Levin as defendants; that after protracted litigation, Samuel Smith was appointed arbitrator to settle said dispute and was given certain powers by the court and by stipulation of the parties; that it was provided that the rentals were to continue at the same rates unless said Samuel Smith should determine that they were too low, in which event he had the right to fix the rentals; that said Samuel Smith determined that the rentals were not out of line with the value of said properties and recommended that they be continued at the rates then being paid. The court in February 1943 entered a decree approving Smith's report, and said decree has become final. A third defense pleaded that the action was barred by section 343, Code of Civil Procedure.

Following the trial the court found for defendants on all issues, but in the findings in Paragraph IX stated that "the court makes no finding with respect to paragraph VII of the Second Separate and Further Defense to plaintiff's Second Amended Complaint." Paragraph VII alleged that $500 for the San Francisco property and $300 for the Los Angeles property were reasonable rentals. Plaintiff moved for a new trial and at the hearing the court set aside its previous judgment and restored the case for further hearing. Further evidence was taken with reference to rental value of the properties. The court then entered judgment again finding substantially on all issues for defendants, but found that as of January 1, 1952, the reasonable rental of the San Francisco property is $750 per month and $500 per month for the Los Angeles property under a three year lease; and that if defendants continue to occupy said property they should pay the aforesaid rentals.

Appellant contends that determination of rental values was an important issue in the case, and that the finding that the rentals paid by the partnership to the corporation were not below the current and reasonable market value is not supported by the evidence. Appellant cites various portions of experts' testimony in support of this charge, while respondent cites other portions of the experts' testimony to show that the finding is amply supported. The issue was fully and fairly tried and the court's finding is supported by substantial and competent evidence.

Appellant contends that the salaries were not properly authorized, citing language from cases to the effect that directors cannot vote salaries to themselves, nor can they vote a salary to one of their members as president where he takes part in the proceedings or his vote is essential to the adoption of the resolution. (*Wickersham* v. *Crittenden*, 93 Cal. 17, 32 [28 P. 788]; *Angelus Securities Corp.* v. *Ball*, 20 Cal.App. 2d 423, 432 [67 P.2d 152]; *Frank Pece* v. *Tama Trading Co.*, 22 Cal.App.2d 219 [70 P.2d 652].) It is also contended that the salaries were unreasonable, since there was testimony that the reasonable charge by realtors for performing the services here performed by the officers would have been 3 per cent of the gross rent receipts, and that totals considerably less than the salaries paid annually.

Respondents cite excerpts from plaintiff's own testimony where he stated at the trial that he never had made any objection to the continued payment of the salaries, and

that he was not then making any objection. Joseph Levin as president managed in addition to the San Francisco and Los Angeles parcels mentioned heretofore, 15 other parcels of real property in San Francisco, collected the rents, attended to repairs, attended to the payment of taxes and insurance. Jennie Myers testified in detail as to her duties as secretary-treasurer, payment of all corporation bills, writing up of the minutes and attendance at meetings. However, as a stockholder, plaintiff must be held to have ratified the acts of the corporation by acquiescence with full knowledge (*West Side Irr. Co.* v. *United States,* 246 F. 212, 219; 2 Fletcher Cyc. of Corp., Perm. ed. 802, § 764), and this precludes his complaint at this time.

Respondents further point out that the decisions cited above by appellant have been in effect overruled by the present provisions of section 820 of the Corporations Code. That section now provides that no contract or transaction between the corporation and one or more of its directors is void or voidable where his vote is counted if (a) the fact is known and noted in the minutes, and the board ratifies the action without counting the vote of such director; or (b) the fact is disclosed and the majority of shareholders approve; or (c) the contract or transaction is just and reasonable as to the corporation at the time it is authorized or approved. (See *Caminetti* v. *Prudence Mut. L. Ins. Assn.,* 62 Cal.App.2d 945 [146 P.2d 15].)

Appellant contends that the judgment should have ordered the removal of the directors Joseph and Jennie for gross abuse of discretion in renting property at unreasonable rents, voting salaries to themselves contrary to law, etc. This argument is based on the assumption that all these matters have been established by the evidence against the directors, whereas in fact the court has found in favor of the directors on these matters.

Respondents correctly maintain that there is no evidence to establish fraudulent or dishonest acts of the directors, and cite authority to the effect that a court will not intermeddle in the internal affairs of a corporation in the absence of fraudulent conduct on the part of those entrusted with its management. (*Wall* v. *University of California,* 38 Cal. App.2d 698, 699 [102 P.2d 533]; *Briggs* v. *Scripps,* 13 Cal. App.2d 43, 45 [56 P.2d 277], 19 C.J.S. 447, § 984; *Brainard* v. *De La Montanya,* 18 Cal.2d 502, 509 [116 P.2d 66].)

Finally, appellant protests the allowance of counsel fees to Joseph and Jennie against the corporation contending that under section 830, Corporations Code, they have not fulfilled the conditions (1) of being successful in whole or in part, and (2) the court finds that their conduct equitably and fairly merits such indemnity.

There is a cross-appeal by one of the respondents, the Martin C. Levin Investment Company, Inc., from that part of the judgment awarding counsel fees to the attorney for plaintiff Samuel Levin. Cross-appellant contends that section 830, Corporations Code, does not provide for attorney's fees in all circumstances, and that an unsuccessful litigant is never entitled to attorney's fees against the successful party. Corporations Code, section 830, allows indemnity for an individual director's reasonable expenses including attorney's fees if both of the following conditions exist: (1) The person sued is successful in whole or in part or the proceeding against him is settled with the approval of the court. (2) The court finds that his conduct fairly and equitably merits such indemnity. There is nothing in the section about "when a person sues." Cross-appellant has been able to find no authority interpreting this section. █ But irrespective of the provisions of that section, there is no authority to award counsel fees to an unsuccessful litigant. (*McArthur* v. *John McArthur Co.*, 39 Cal.App. 704 [179 P. 700]; *Murphy* v. *F. D. Cornell Co.*, 110 Cal.App. 452, 454 [294 P. 490].) Plaintiff concedes this in his closing brief.

The portion of the judgment awarding plaintiff and appellant attorney's fees is reversed. Otherwise the judgment is affirmed.

Dooling, J., and Kaufman, J., concurred.