Filed 6/27/14  Karnazes v. Hartford CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| ELIZABETH KARNAZES,<br><br>　　　Plaintiff and Appellant,<br><br>v.<br><br>JOHN HARTFORD,<br><br>　　　Defendant and Respondent. | A139421<br><br>(San Mateo County<br>Super. Ct. No. CIV458258) |

　　　We deal, yet again, with an appeal involving Elizabeth Karnazes and John Hartford, who have a long history of antagonism.  As our most recent opinion described the relationship, "At all relevant times, Elizabeth Karnazes and John Hartford were attorneys, and for a considerable number of years appear to have practiced together.  Their parting of the ways was in no sense amicable.  The courts became their battle ground, and the judges of San Mateo County the most unwilling observers of their repeated campaigns of scorched earth litigation tactics.  This appeal deals with the aftermath of one of those many actions." (*Karnazes v. Hartford* (Feb. 10, 2014, A136400 [nonpub. opn.].)

　　　This appeal, too, deals with the aftermath of an interim order in the same appeal—case no. A136400.

## BACKGROUND

　　　On December 31, 2012, this court filed a two-page order in *Karnazes v. Hartford*, which order dismissed Karnazes's cross-appeal, concluding as follows:  "Cross-appellant [Karnazes] having failed to procure the record on appeal within the time allowed, the

1

cross-appeal, filed on October 1, 2012, is dismissed. (See Cal. Rules of Court, rule 8.140(b)(1)."

On March 25, 2013, we issued a partial remittitur which, as pertinent here, stated that "Appellant [Hartford] to recover costs."

On March 29, 2013, Hartford filed a memorandum of costs on appeal. The memorandum was on the proper Judicial Council form, and signed by Hartford's attorney, Albert Lee, under penalty of perjury. The memorandum claimed four items of costs, as follows: $390.00 for filing fees; $67.50 for preparation of reporter's transcript; $5.00 for expenses of service; and $165.00 for transmission and filing of record, briefs, and other papers. The total of the claimed costs was $627.50.

On April 17, 2013, Karnazes filed a motion to strike and/or tax costs (motion). Her memorandum in support of the motion was six pages long, with one argument: her motion should be granted because "Hartford and Lee have failed and refused to comply with statutory requirements and the attorney's fees and costs demanded are not reasonable or necessary." The four paragraphs that followed did not address any of the items in the cost memorandum.

Karnazes's motion was accompanied by her declaration which, after several pages of discussion not pertinent to the cost items, did contain a section entitled "Line Item Objections," which did discuss each of the four items claimed. Karnazes's declaration asserted that each of the four items claimed is "vague and ambiguous, improper, unnecessary, unreasonable, is in the wrong amount," going on to contest some of the items in more detail.

On May 20, 2013, Hartford filed opposition to the motion.

On May 30, 2013, Karnazes filed her reply.

The motion was set for hearing for June 3, 2013. Prior to that date the trial court had issued a tentative ruling denying the motion, and Karnazes notified the court that she intended to contest the tentative ruling. The motion thus came on for hearing, and attorney Lee appeared on behalf of Hartford. Karnazes did not appear.

On June 13, 2013, the trial court entered its order denying the motion, which order provided as follows:

"The motion of judgment-debtor/cross-complainant Elizabeth Karnazes to strike memorandum of costs and/or tax costs of judgment-creditor/cross-defendant John J. Hartford came on regularly for hearing on June 3, 2013, before the Honorable Joseph E. Bergeron in the Law and Motion Department of this Court. The tentative ruling was published and Ms. Karnazes notified the Court on May 31, 2013, of her intent to appear at the hearing to argue the Court's tentative ruling. Albert Lee, Esq. appeared for Mr. Hartford at the June 3, 2013 hearing. There were no other appearances made by or on behalf of any other party.

"The Court having read the papers in support of and in opposition to Ms. Karnazes' motion to strike memorandum of costs and/or tax costs of cross-defendant Hartford, and good cause appearing therefor, the Court adopts its tentative ruling as the order of the Court:

"1. The motion to strike memorandum of costs and/or tax costs of cross-defendant is DENIED as to all items.

"2. The filing fee is required by the Court of Appeal.

"3. The cost for reporter's transcript is recoverable under CRC Rule 8.278(d)(1)(B).

"4. The cost of service by mail is recoverable under CRC Rule 8.278(d)(1)(D).

"5. The cost of using a messenger to file papers at court is reasonable.

"IT IS SO ORDERED."

On August 2, 2013, Karnazes filed her notice of appeal.

## DISCUSSION

The rule has long been that if the items on the cost bill on their face appear to be proper charges, the verified memorandum of costs is prima facie evidence of their propriety, and the burden is on the party seeking to tax costs, here Karnazes, to show that they were not reasonable or necessary. (*Ladas v. California State Auto. Assn.* (1993) 19 Cal.App.4th 761, 774; *Murphy v. F.D. Cornell Co.* (1930) 110 Cal.App. 452, 455;

3

see *Nelson v. Anderson* (1999) 72 Cal.App.4th 111, 131 [burden on plaintiff to show that defendant's requested costs were unnecessary or unreasonable, where costs claimed appeared on their face to be proper]; *Benach v. Los Angeles* (2007) 149 Cal.App.4th 836, 856 [same].)

As quoted above, the trial court ruled on all four items, holding against Karnazes. We review the trial court's decision under the abuse of discretion standard. (*Seever v. Copley Press, Inc.* (2006) 141 Cal.App.4th 1550, 1556-1557; see also *El Dorado Meat Co. v. Yosemite Meat & Locker Service, Inc.* (2007) 150 Cal.App.4th 612, 617 [trial court's costs ruling should not be disturbed on appeal unless it is "clearly wrong"].)

We find no abuse, and Karnazes has not shown any, certainly not with the conclusory statements in her declaration.

## DISPOSITION

The order denying Karnazes's motion to tax costs is affirmed. Hartford shall recover his costs on appeal.

_____
Richman, J.


We concur:


_____
Kline, P.J.


_____
Brick, J.[*]


_____
[*] Judge of the Alameda County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.